IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHYANNE GATTMAN,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

3:15-cv-00466-MC

OPINION AND ORDER

MCSHANE, Judge:

      Plaintiff Shayanne Gattman filed this action March 23, 2015, seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits under Title II and supplemental security income (SSI) under Title XVI of the Social

Security Act (the "Act"). This court has jurisdiction over plaintiff's action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3).

Plaintiff filed applications for benefits on January 27, 2011. The administrative law judge (ALJ) determined Plaintiff is not disabled. Tr. 19-33.[1] Because the Commissioner's decision is not based on proper legal standards and is not supported by substantial evidence, the Commissioner's decision is REVERSED and this matter is remanded for additional proceedings consistent with this Opinion.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the ALJ applied proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "'Substantial evidence' is more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Hill v. Astrue,* 698 F.3d 1153, 1159 (9th Cir. 2012)(quoting *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler,* 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Guiterrez v. Comm'r of Soc. Sec. Admin.,*

---

[1] "TR" refers to the Transcript of the Social Security Administrative Record [#12] provided by the Commissioner.

Page 2 - OPINION AND ORDER

740 F.3d 519, 523 (9th Cir. 2014)(quoting *Reddick v. Chater,* 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. §§ 404.1520, 416.920. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id.*

At step two the ALJ found plaintiff's "polysubstance dependence (in reported partial remission), posttraumatic stress disorder (PTSD), a generalized anxiety disorder, depressive disorder NOS, and status post T12 fracture in 2011 with no neurological involvement**"** qualified as "severe" impairments under the regulations. Tr. 21.

The ALJ found plaintiff had the residual functional capacity (RFC) to perform less than the full range of light work, she can occasionally engage in all postural activities, with incidental public contact and occasional contact with coworkers. Tr. 23. A vocational expert testified that a person with the RFC as stated by the ALJ could perform plaintiff's past relevant work as a book binder, data entry clerk, and secretary, all of which are semiskilled to skilled work. Tr. 57, 32. The ALJ determined plaintiff was not disabled under the Social Security Act. Tr. 33.

Plaintiff argues the ALJ erred in weighing certain medical and other opinions. I agree.

**Scott Alvord, Psy.D.**

Page 3 - OPINION AND ORDER

Where there exists conflicting medical evidence, the ALJ is charged with resolving any conflicts. *Chaudhry v. Astrue,* 688 F.3d 661, 671 (9th Cir. 2012). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. . . ." *Id.* (quoting *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005)  If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons.  *Orn v. Astrue,* 495 F.3d . 625, 632 (9th Cir. 2007).

Dr. Alvord examined plaintiff on April 21, 2011.  Tr. 379-88. He administered extensive psychological testing as well as a mental status examination and recorded his behavioral observations.   Dr. Alvord noted plaintiff displayed "significant physically manifested anxiety such as glancing around the room, jumping at noises in the hall, drumming her fingers on the table; her voice quavered and she spoke very softly in a timid fashion." Tr. 382.   Dr. Alvord found plaintiff retained the ability to follow simple instructions, but her ability to follow complex instructions was mildly impaired.  Tr. 382.   Her ability to concentrate, persist, and pace was mildly to moderately impaired.  *Id.*  Dr. Alvord concluded plaintiff has chronic generalized anxiety disorder with acute PTSD superimposed, depressive disorder, and rule-out major depressive disorder, with a GAF of 50.  Tr. 387.

Dr. Alvord's opinion regarding concentration, persistence, and pace is consistent with the October 2012 opinion of Donald E. Lange, Ph. D., who conducted an extensive interview and comprehensive neuropsychological report. Tr.  703-16.  Dr. Lange administered a number of tests and concluded plaintiff's concentration would "wax and wane, especially in the presence of performance anxiety and rumination." Tr. 713.  Similarly, examining physician Lawerence H.

Page 4 - OPINION AND ORDER

Moore, Ph.D., opined in April 2011 that plaintiff had "poor concentration." Tr. 374. In May 2011 reviewing physician Eugene Kester, M.D., found plaintiff moderately limited in the ability to maintain concentration, persistence, and pace, and capable of simple, routine tasks with simple one and two step instructions. Tr. 69. In November 2011 reviewing physician John F. Robinson, Ph.D., agreed with Dr. Kester's assessment. Tr. 93-94. In April 2013 treating counselor Lisa Smith, L.C.S.W., completed a form indicating she had been treating plaintiff since December 2012, and that plaintiff was moderately limited in the ability to: understand , remember and carry out detailed instructions; and to maintain concentration and attention. Tr. 853-56.

      The ALJ gave "some weight" to Dr. Alvord's opinion, but found plaintiff had only mild limitations in concentration, persistence, and pace, and therefore retained the ability to perform her past semi-skilled and skilled work. Tr. 29. The ALJ did not find plaintiff limited to unskilled work, citing neuropsychological testing which showed plaintiff's "cognitive functioning is generally within normal limits. This is also consistent with the record that shows her cognitive functioning improves significantly when she abstains from Ambien and abusing over-the-counter sleep medication." Tr. 28-29.

      The Commissioner contends that plaintiff's cognitive test results conflict with Dr. Alvord's opinion that plaintiff is limited to simple work. However, Dr. Alvord stated that differences in test scores indicate that verbal comprehension and perceptual organization are "relative strengths compared to working memory and processing skills (frequently impacted by anxiety/depression)." Tr. 384. Plaintiff's limitations in concentration, persistence, and pace do not arise out of cognitive limitations but from anxiety and depression.

There is no conflicting evidence in the record as to limitations of concentration, persistence and pace. The ALJ failed to identify clear and convincing reasons to reject Dr. Alvord's assessment. *Orn,* 495 F.3d. at 632. On remand, the Commissioner shall credit Dr. Alvord's assessment of plaintiff's concentration, persistence, and pace, and determine at step five whether there is work in the national economy which plaintiff can perform.

## CONCLUSION

The Commissioner's decision is not supported by substantial evidence. The decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

Dated this 2nd day of May, 2016.

Michael McShane
United States District Judge